UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
S.S. Knits Exports, Haroon Rasheed, and
Abdul Majeeth,                                                      Index No: 1:15-CV02233-
                           Plaintiffs,
                                                                   MEMORANDUM OF LAW
       -against-

Tanu (USA), Inc. and Vipal Kapoor

                           Defendants.
------------------------------------------------------------------------X

Satish K. Bhatia, of Bhatia & Associates PLLC, affirms under penalty of perjury as

follows:

## PROCEDURAL BACKGROUND

This action was originally filed in County of Queens, Supreme Court of the State of

New York and has been removed by the Defendants pursuant to 28 USC § 1446. The

action was commenced on the base of breach of contract for exportation of the goods by

the Plaintiffs.

On or about February 11, 2015, the Defendants were served with the Summons with

Notice. The Court will note that in the Notice, the Plaintiffs have explained that the nature

of action to recover a sum of $1,457.157.19. In the Notice, it was further indicated in the

Notice that the amount was being claimed as various shipments during the period of June

6, 2008 to August 27, 2008 covering 17 shipments under various invoices totaling a sum

of 17 in number were exported. In the Notice, it was also indicated that all delivery orders

clearly show that the Defendants have cleared the merchandise through a proper channel

and obtained a release order from appropriate authorities (please see Exhibit A).

## THE NOTICE OF REMOVAL IS UNTIMELY

The Federal Removal Statute requires that a Notice of Removal must be filed within 30 days after receipt of initial pleadings by the Defendants though service or otherwise. A copy of the initial pleadings setting forth the claim for relief upon which the action was based was served on February 11, 2015. The Notice of Removal was filed on April 20, 2015, 37 days after service of Summons with Notice. We submit that the 30 day period in the instant case is deemed to have begun with the serving of the Summons with Notice and not from the date of providing the complaint to the Defendants, as Summons with Notice is the initial pleadings as contemplated under 28 USC §1446(b).

The initial document which is the Summons with Notice contains enough information to allow the Defendants to intelligently ascertain removability under the Federal Removal Statute (Worthy v. Schering Corp., 607 F. Supp. 653, 656 (E.D.N.Y.1985).

In the present case, the Summons with Notice received by the Defendants clearly are initial pleading as provided in section 1446(b) of the Federal Removal Statute.

## DEFENDANTS ARE NOT ENTITLED TO REMOVE THE CASE AS THE

## DEFENDANTS ARE CITIZENS OF THE UNITED STATES

The action should not be removed if any of the parties is a citizen of this state in which the action is brought. The action cannot be removed by Defendants in this case as Defendants are citizens of New York State. The provisions of 28 USC §1441(b)(2) are reproduced as under:

> "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title {28 USCS §1332 (a] may not be removed if any of the parties in interest properly joined and served as a defendants is a citizen of the State in which such action is brought."

## THE FEDERAL STATUTE OF REMOVAL SHOULD BE STRICTLY

## CONSTRUED

"Procedure for removal will be strictly construed in effort to preserve jurisdiction and comity of state and federal courts," Wood v De Weese (1969, WD Ky) 305 F Supp 939.

"Removal statutes are to be strictly construed in light of congressional purpose generally to restrict jurisdiction of federal district courts on removal," Rivera v Federacion de Musicos de Puerto Rico, Inc. (1974, DC Puerto Rico) 369 F Supp 1169, 85 BNA LRRM 2509, 73 CCH LC P 14387.

"Requirements of 28 USCS Section 1446 are to be strictly construed, as it is essential for removal for proper allegation of fact be set forth in petition for removal within terms of that section; section will be strictly construed in favor of state court jurisdiction," Jennings v Cantrell (1974, ED Tenn) 392 F Supp 563.

## CONCLUSION

Since the Summons with Notice constitutes initial pleadings for the purpose of the plank of the section 1446 (b), and also since Defendants are citizens of New York State, the Notice of Removal was improvident and the Plaintiffs are entitled for the costs for filing of the frivolous Notice of Removal by Defendants. Plaintiffs are requesting the Court to impose reasonable costs towards attorney fees.

Dated: April 25, 2015

_____/s/_____
Satish K. Bhatia Esq (SB9222)
Bhatia & Associates, PLLC
Attorney for Plaintiffs 38W 32nd street,
Suite 1511, New York, NY, 10001
T (212) 239-6898
F (212) 594-7980